IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED F. LAMPKIN, JR. | § | |
| TDCJ-CID NO.569786, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-12-2921 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner, who is incarcerated in the Eastham Unit of the Texas Department of Criminal Justice-Correctional Institutions Division from convictions in Harris and Brazoria Counties,[1] filed this action seeking habeas corpus relief from disciplinary conviction number 20120276715 on the same unit. (Docket Entry No.1). Petitioner seeks a non-biased thorough investigation of the facts underlying the charge and effective counsel representation; he also seeks expungement of the false charge and a polygraph to exonerate him." (Docket Entry No.1, page 7). For the reasons to follow, the Court will dismiss this habeas action.

Petitioner was found guilty of a disciplinary violation for masturbating in June 2012; punishment was assessed at thirty days of commissary restriction, fifteen days of recreation restriction, and remaining at line status 3. (Docket Entries No.1, No.5). Petitioner claims that his counsel-substitute did not probe into the ulterior motive of the charging officer, who solicited him. (Docket Entry No.1, page 6). He contends that counsel should have investigated why a ranking officer was not called when requested and the charging officer's institutional record of fraternizing with inmates. (*Id.*). He also complains that counsel-substitute did not appeal the disciplinary conviction so he filed grievances against her for failing to file an

---

[1] *See* http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=01977064 (viewed Nov. 14, 2012).

appeal. (*Id.*, page 7).  He complains that the disciplinary "court" conspired by denying the grievances that he filed against his counsel-substitute. (*Id.*).

In his more definite statement, petitioner complains that he was not afforded a nonbiased prehearing investigation and denied an effective cross-examination of the charging officer at the disciplinary hearing. (Docket Entry No.5, page 1).  Petitioner claims the charging officer had an ulterior motive to fabricate the charge because she had solicited him to buy drugs or cell phones. (*Id.*).  Petitioner claims the charging officer was used by the administration to falsify the infraction in retaliation for petitioner filing lawsuits and grievances against other officers and against her. (*Id.*, pages 1-2).

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest.  *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001).  In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).

Although plaintiff indicates that he is eligible for release to mandatory supervision, he also indicates that he did not lose any good conduct time as a result of the disciplinary conviction.  The changes in petitioner's confinement from the disciplinary conviction, *i.e.*, the loss of commissary and recreation privileges and continuity in custody status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Malchi*, 211

F.3d at 959 (right to particular time-earning status). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns.

Petitioner's complaint that he was denied the effective assistance of counsel during disciplinary proceedings is without merit. Claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982). Inmates have no right to retained or appointed counsel at prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Likewise, petitioner's complaint that his grievances filed against counsel substitute were denied is also without merit. Petitioner does not have a federally protected liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Petitioner's retaliation claim is reviewed with skepticism and carefully scrutinized; petitioner must show that but for the retaliatory motive, the disciplinary charge would not have been made. *Cf. Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Although petitioner enumerates lawsuits and grievances that he filed against TDCJ officers and the charging officer, he states no facts showing the TDCJ administrators "used" the charging officer to falsely charge him with a disciplinary infraction because of these complaints. Nor does he allege facts that would demonstrate that but for a retaliatory motive, he would not have been charged with the disciplinary violation or would have received a lesser punishment that the commissary and cell restrictions. Petitioner proffers no specific facts showing a connection between the lawsuits and grievances and this disciplinary case beyond the simple fact that the disciplinary case occurred later in time than the alleged grievances and lawsuits. The mere fact

that one incident precedes another is not proof of a causal connection. *See Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) (noting that "the *post hoc ergo propter hoc* fallacy assumes causality from temporal sequence," which is a "false inference"); *Tampa Times Co. v. National Labor Relations Board*, 193 F.2d 582, 583 (5th Cir. 1952) (*post hoc ergo propter hoc* is not sound logic). Petitioner's allegation of retaliation is conclusory and fails to raise a cognizable claim on federal habeas review. Accordingly, such claim is subject to dismissal.

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's habeas claims are DENIED and this habeas action is DISMISSED WITH PREJUDICE.

2. A certificate of appealability from the dismissal of petitioner's habeas claims is DENIED. Petitioner fails to show that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

3. All other pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 8th day of April, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE